UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

SHNEOR JUSEWITZ AND JACOB JUSEWITZ
on behalf of themselves and
all other similarly situated consumers

                    Plaintiffs,

      -against-

FREDERICK J. HANNA & ASSOCIATES, P.C.

               Defendant.

-----------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUL 0 6 2012   ★

LONG ISLAND OFFICE

**CV-12 3359**

**GERSHON, J.**
**LEVY, M.**

**SUMMONS ISSUED**

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiffs Shneor Jusewitz and Jacob Jusewitz seek redress for the illegal practices of

     Frederick J. Hanna & Associates, P.C. in which it unlawfully engaged in the collection

     of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

     1692, et *seq.* ("FDCPA"), and the Telephone Communications Privacy Act.

### *Parties*

2.    Plaintiffs are citizens of the State of New York who reside within this District.

3.    Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiffs involves a

     consumer debt.

-1-

5.     Upon information and belief, Defendant's principal place of business is located within
       Marietta, Georgia.

6.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
       consumers.

7.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
       1692(a)(6).

### *Jurisdiction and Venue*

8.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
       1331.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
       transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Shneor Jusewitz & Jacob Jusewitz*

10.    Upon information and belief, on a date better known by Defendant, Defendant began to
       attempt to collect an alleged consumer debt from the Plaintiffs.

11.    Within the one year immediately preceding this action, the Defendant left many
       messages on the Plaintiffs' answering machines on numerous occasions.

12.    On fifteen (15) occasions within the past year, Defendant made fifteen (15) calls to an
       unauthorized wireless number belonging to Plaintiffs.

13.    Upon information and belief Defendant used an auto dialer and or prerecorded messages
       when calling the Plaintiffs.

14.    On many occasions within the past year, Defendant left numerous messages on a
       neighbor's voicemail regarding the debt.

-2-

15. Said telephone messages are in violation of 15 U.S.C. § 1692c by improperly disclosing to an unauthorized third party that the Plaintiffs were receiving a communication from a debt collector.

16. Defendant caused Plaintiffs to incur charges for Defendant's collection communications on many occasions, when Plaintiffs had no reason to know the communication's purpose.

17. Defendant was prohibited from placing a call that will cause a charge to Plaintiffs without having notified Plaintiffs to expect it and without having announced its collection purpose.

18. Defendant called Plaintiffs' wireless phone numbers and Plaintiffs were charged a toll on all those incoming calls.

19. Plaintiffs were not alerted to the calls beforehand.

20. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5).

21. On many occasions within the past year, Frederick J. Hanna & Associates, P.C. left prerecorded messages on Plaintiffs' voice mails stating: **"Hello this message is in reference to a personal business matter concerning Jacob Jusewitz, if you are not the following person, Jacob Jusewitz, please hang up or disconnect immediately. Please contact Bob Wilson with the <u>Law offices of Frederick J. Hanna & Associates, P.C.</u> The toll free number is 1 (866) 949-6996..."**

22. Said message communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense hence this message violates Section 1692e(3).

See, e..g Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e..g, Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.); The same applies to a prerecorded or human voice-mail message, because a voice mail message containing a law-firm audio caption such as **"...please contact Bob Wilson with the Law offices of Frederick J. Hanna & Associates, P.C. The toll free number is 1 (866) 949-6996..."** would imply meaningful attorney involvement, which does not exist absent participation by an attorney in the debt-collection process. See, e.g., Greco v. Trauner, Cohen & Thomas,

-4-

L.L.P., 412 F.3d 360, 364 (2d Cir. 2005) ("[W]e [have] established that a letter sent on law firm letterhead . . . does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is . . . misleading within the meaning of the FDCPA."). The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

While many courts have ruled (see e..g Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011): that under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. When a debt collection law firm like **Frederick J. Hanna & Associates, P.C.** chooses to leave a voice mail message on the debtors answering machine which uses the words **Frederick J. Hanna & Associates, P.C.** before any direct and personal involvement (" with the debtor's account — such as reviewing the debtor's file) - then - (absent any clear disclosure that no attorney has reviewed the particular account) this message violates Section 1692e(3) See also e.g. Gonzalez v.

Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."

In order for a collection agency to be Foti compliant a debt collector must put in each oral or written communication the debt collector disclaimer and the debt collector cannot assume that the initial communication absolves the debt collector from making future debt collector disclaimers and in order for a Law firm who is engaged in purely debt collection activity to be Greco compliant if the debt collection law firm uses words that would imply the communication is coming from a Law Firm then they need to use a NON ATTORNEY disclaimer in every communication and they cannot assume that the initial communication absolves the NON ATTORNEY debt collector from making future NON ATTORNEY disclaimers. When it comes to a LAW FIRM which is engaged in purely debt collection activities the (GRECO - NON ATTORNEY) disclaimer is just like the Mini Miranda warning it must be in every communication in fact Frederick J. Hanna & Associates, P.C. puts the (NON ATTORNEY) disclaimer in their letter communication because Frederick J. Hanna & Associates, P.C. is certain that not putting in the (NON ATTORNEY) disclaimer in a letter communication would imply that the said communication is from an involved attorney hence when Frederick J. Hanna & Associates, P.C. is meaningfully involved ( e.g. during litigation) the (NON ATTORNEY) disclaimer is absent from those communications. An oral or written communication from a LAW FIRM absent the (NON ATTORNEY) disclaimer would lead even a sophisticated consumer to get the impression of meaningful attorney

-6-

involvement. In general it would be ridiculous to think that the least sophisticated

consumer would carry over any disclaimer from one communication to the next (such as

a Mini Miranda or Greco - hence the case law that these disclaimers must be

in **ALL** communications). In particular the communication at hand in this case would

imply that it is from an Attorney in the practical sense since it was the initial

communication. No Bona Fide error defense exists because Frederick J. Hanna &

Associates, P.C. has a standard practice to leave in every message the words LAW

FIRM or Attorneys.

See. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because

the collection notice was reasonably susceptible to an inaccurate reading, it was

deceptive within the meaning of the Act) Clomon v. Jackson, 988 F.2d 1314, 1319 (2d

Cir. 1993). (Collection notices are deceptive if they are open to more than one

reasonable interpretation, at least one of which is inaccurate) Russell v. Equifax A.R.S.,

74 F.3d 30, 34 (2d Cir. N.Y. 1996) (a collection notice is deceptive when it can be

reasonably read to have two or more different meanings, one of which is inaccurate. The

fact that the notice's terminology was vague or uncertain will not prevent it from being

held deceptive under § 1692e(10) of the Act.) Campuzano-Burgos v. Midland Credit

Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008). (The court summarized the law of deception

under the least sophisticated consumer standard: A communication is deceptive for

purposes of the Act if: "it can be reasonably read to have two or more different

meanings, one of which is inaccurate". This standard is less demanding than one that

inquires whether a particular debt collection communication would mislead or deceive a

-7-

reasonable debtor) <u>Dutterer v. Thomas Kalperis Int'l, Inc.</u>, 2011 WL 382575 (E.D. Pa.Feb. 4, 2011). (A communication that could be "reasonably read to have two or more different meanings, one of which is inaccurate," is considered deceptive.) <u>Rosenau v. Unifund Corp.</u>, 539 F.3d 218, 221 (3d Cir. 2008). (It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.' " Communications are to be analyzed under the least sophisticated debtor standard. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.) <u>Smith v. Harrison.</u>, 2008 WL 2704825 (D.N.J. July 7, 2008). (A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.") <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450 (3d Cir. 2006). FDCPA is remedial, strict liability statute to be liberally construed. Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate. <u>Holmes v. Mann Bracken, L.L.C.</u>, 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009). Where Defendant sent the communication knowing that the contents could be "deceptive" because such communication could have "two or more different meanings, one of which is inaccurate," the court denied Defendant's motion for summary judgment <u>Reed v. Pinnacle Credit Servs., L.L.C.</u>, 2009 WL 2461852 (<u>E.D.Pa</u>. Aug. 11, 2009). (Objective least sophisticated consumer standard applies. Thus, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency.) <u>Mushinsky</u>

-8-

v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009). A collection

letter is deceptive if it can reasonably have two meanings, one of which is

inaccurate. Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa. Feb. 4,

2011). A notice that could be ''reasonably read to have two or more different meanings,

one of which is inaccurate,' Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) ("least

sophisticated debtor is not charged with gleaning the more subtle of the two

interpretations" of a collection notice)

23.     Defendant, as a matter of pattern and practice, leave voice mail messages, or cause voice

        mail messages to be left on debtors' answering machines, using language substantially

        similar or materially identical to that utilized by Defendant in the above-cited message

        which was left on Plaintiffs' answering machine on many occasions.

  24.   Defendant leaves thousands of voice mail messages like the one left for Plaintiffs

        without conducting any meaningful review of the accounts.

25.     The human and or prerecorded voice mail messages Defendant leaves, or cause to be left

        on debtors answering machines, are produced by Defendant's concerted efforts and

        integrated or shared technologies including computer programs, Robo calling

        technologies, dialers, and electronic databases.

26.     The voicemail communications from Frederick J. Hanna & Associates, P.C. that

        say: "...**Please contact Bob Wilson with the Law offices of Frederick J. Hanna &

        Associates, P.C....**" is a standardized pre scripted voice mail.

27.     Although Frederick J. Hanna & Associates, P.C. may technically be a law firm, it was

        not acting in the capacity of a law firm with respect to the said voicemails. The inclusion

of "Law Firm" is therefore materially deceptive and misleading in that it communicates

to the least sophisticated consumer that the communication came from a law firm in a

practical sense, when it did not.

28.    If Frederick J. Hanna & Associates, P.C. desires to take advantage of the additional

collection leverage provided by the use of a law firm's name in connection with

purely identical and standardized debt-collection related activities, it is free to do so

under the law of the Second Circuit; so long as its each and every one of its standardized

communications including letters and voice mail messages do not give the least

sophisticated consumer the impression that the communications are from an attorney or

law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir.

1993). See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting

solely as debt collectors must not send the message that a lawyer is involved, because

this deceptively sends the message that the 'price of poker has gone up." See

also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). The

court found that the collector's letter with text on the front and back regarding attorney

involvement was confusing to the least sophisticated consumer and violated § 1692e.

29.    The representatives that left the messages are not attorneys and, are not licensed to

practice law in the State of New York or any other State.

30.    The representatives that left the messages are not attorneys and, are not licensed to

practice law in the State of New York or any other State.

31.    At no time did any of the representatives indicate in the messages that they are actually a

non-attorney debt collectors.

-10-

32. The telephone number 1 (866) 949-6996 is answered by persons who are employed by Frederick J. Hanna & Associates, P.C. as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

33. Said messages are in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692e(5) for failing to qualify that the indicate that the message was from a non-attorney, for failing to qualify that no attorney from the firm had reviewed the debt and for falsely threatening legal action.

34. During the year prior to the filing of this action, Defendant placed multiple calls to Plaintiffs, knowing that the Plaintiffs were represented by counsel and did not wish to be contacted by Defendant.

35. Defendant's conduct aggravated and harassed the Plaintiffs.

Defendant's actions violated 15 U.S.C. § 1692c(2) for contacting a represented party when the debt collector knows the consumer is represented by an attorney.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendant.*

37. Plaintiffs re-state, re-allege, and incorporates herein by reference, paragraphs one (1) through thirty six (36) as if set forth fully in this cause of action.

38. This cause of action is brought on behalf of Plaintiffs and the members of four classes.

39. Class A consists of all persons whom Defendant's records reflect resided in New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone

-11-

messages were left on a neighbor's voicemail, and that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692c(b).

40.    Class B consists of all persons whom Defendant's records reflect resided in New York and were left telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a service where the consumers were charged for the calls, and (c) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

41.    Class C consists of all persons whom Defendant's records reflect resided in the New York State and who received telephone messages (a) from one of Defendant's collection representatives which stated that the messages were from the Law Offices of Frederick J. Hanna & Associates, P.C. but which failed to qualify that the debt had not been reviewed by an attorney and / or that the telephone messages did not qualify that the person leaving the message was a non-attorney at the firm, (b) the messages were left concerning the seeking payment of an alleged debt; and (c) that the messages contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

42.    Class D consists of all persons whom Defendant's records reflect resided in the New York State and who received telephone messages from Defendant (a) who contacted a represented party when the debt collector knew that the consumers are represented by an attorney in violation of 15 U.S.C. § 1692c(2).

43.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

       (a)    Based on the fact that form telephonic messages are at the heart of this litigation,

-12-

the class is so numerous that joinder of all members is impracticable.

(b)     There are questions of law and fact common to the class and these questions
        predominate over any question(s) affecting only individual class members.  The
        principal question presented by this claim is whether the Defendant violated the
        FDCPA.

(c)     The only individual issue involves the identification of the consumers who
        received such telephonic messages (*i.e.* the class members).  This is purely a
        matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiffs are typical of those of the class members.  All of
        the respective class claims are based on substantially similar facts and legal
        theories.

(e)     The Plaintiffs will fairly and adequately represent the class members'
        interests.  The Plaintiffs have retained counsel experienced in bringing
        class actions and collection abuse claims. The Plaintiff interests are
        consistent with those of the members of the class.

44.     A class action is superior for the fair and efficient adjudication of the class members'
        claims. Congress specifically envisions class actions as a principal means of enforcing
        the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated
        individuals, whose rights will not be vindicated in the absence of a class action.
        Prosecution of separate actions by individual members of the classes would create the
        risk of inconsistent or varying adjudications resulting in the establishment of

-13-

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

45. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

46. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

47. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

48. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in Plaintiffs' favor and against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);
        And

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by Plaintiffs*

-14-

49.     Plaintiffs re-state, re-allege, and incorporates herein by reference, paragraphs 1-8 as if
        set forth fully in this Cause of Action.

50.     The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating fifteen telephone calls
        to the Plaintiffs' wireless telephone number using an artificial and/or pre-recorded voice
        to deliver messages without having the consent of the Plaintiffs to leave such messages.

51.     Defendant has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically
        the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded
        messages that have been unleashed against Plaintiffs by Defendant.

52.     There is no exception or justification for the numerous violations of the TCPA by
        Defendant as Plaintiffs have not consented to the use of the wireless telephone number
        at issue where the Plaintiffs were charged for each call.

        Each call is a separate violation and entitles Plaintiff to statutory damages against
        Defendant in the amount of $500.00 per call.

54.     Plaintiffs assert that since the violations were made intentionally or recklessly that the
        violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

55.     All actions taken by Defendant were taken with malice, were done willfully, recklessly
        and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that
        its actions would very likely harm Plaintiffs and/or that its actions were taken in
        violation of the TCPA and/or that knew or should have known that its actions were in
        reckless disregard of the TCPA. Courts have found collection agencies have willfully or
        knowingly violated the TCPA simply by calling any Plaintiff on his/her cell phone using

-15-

a pre-recorded voice, regardless of whether it knew it was violating the law.

(*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

### *Violations of the Telephone Communications Privacy Act*

56.   The actions of the Defendant violate the TCPA.

57.   Because the Defendant intentionally violated the TCPA, the Plaintiffs are entitled to

damages in accordance with the TCPA namely $1500 for each call where the Defendant

failed to obtain prior consent from the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor

and against the Defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
July 5, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

-16-

Plaintiffs request trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-17-